**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1558

ESTER NOEMI VASQUEZ-CONTRERAS,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 28, 2026                    Decided: April 30, 2026

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Abdoul A. Konare, KONARE LAW, Frederick, Maryland, for Petitioner. Brett A. Shumate, Assistant Attorney General, Sheri R. Glaser, Acting Assistant Director, Kristen H. Blosser, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ester Noemi Vasquez-Contreras, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's decision denying Vasquez-Contreras' applications for asylum and withholding of removal.* We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments raised on appeal in conjunction with the record and the relevant authorities. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive ruling, affirmed by the Board, that Vasquez-Contreras failed to establish the requisite nexus between the claimed protected ground and the asserted past persecution or the feared future persecution, *see Toledo-Vasquez v. Garland*, 27 F.4th 281, 287-91 (4th Cir. 2022) (reiterating that not every threat that identifies or references a noncitizen's protected social group "is made on account of" that group and "that the nexus requirement is primarily about the persecutor's reasons for targeting an individual" (internal quotation marks omitted)); *see also Cedillos-Cedillos v. Barr*, 962 F.3d 817, 824 (4th Cir. 2020) (explaining that, in conducting substantial evidence review related to the agency's nexus

---

     * We observe that Vasquez-Contreras has forfeited review of the denial of relief under the Convention Against Torture by failing to raise that issue in her brief in this court. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

2

determination, this court "is limited to considering whether [its] conclusion is supported by reasonable, substantial, and probative evidence" (internal quotation marks omitted)). *See generally Madrid-Montoya v. Garland*, 52 F.4th 175, 179-80 (4th Cir. 2022) (observing that, "if the record plausibly could support two results: the one the [agency] chose and the one [the noncitizen] advances," this court "must defer to the agency" (internal quotation marks omitted)).

Accordingly, we deny the petition for review. *See In re Vasquez-Contreras* (B.I.A. Apr. 25, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*